## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BERTUCCI'S HOLDINGS, INC., *et al.*[1] | Case No. 18-10894 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 19** |

## NOTICE OF POSSIBLE ASSUMPTION AND PROPOSED CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACTS OR UNEXPIRED LEASES POTENTIALLY TO BE ASSUMED AND ASSIGNED IN CONNECTION WITH SALE OF DEBTORS' ASSETS

PLEASE TAKE NOTICE THAT:

1. On April 15, 2018, the above-captioned debtors and debtors-in-possession (the "Debtors") filed the *Motion of the Debtors and the Debtors-In-Possession for Entry of an Order (A) Approving Bidding Procedures in Connection with a Transaction by Public Auction; (B) Scheduling a Hearing to Consider the Transaction; (C) Approving the Form and Manner of Notice Thereof; (D) Approving Contract Procedures; and (E) Granting Related Relief* [D.I. 19] (the "Bid Procedures Motion"). As set forth in the Bid Procedures Motion, the Debtors have entered into an Agreement (the "Agreement") with Right Lane Dough Acquisition, LLC (the "Stalking Horse Bidder") for the sale of substantially all of the Debtors' assets subject to a competitive bidding process as set forth in the Bid Procedures Motion. Pursuant to section 5.10(a)(i) of the Agreement, the Debtors hereby provide notice of the potential assumption and assignment of the prepetition executory contracts or unexpired leases (the "Scheduled Contracts") listed on **Exhibit A** hereto to the Stalking Horse Bidder or the Successful Bidder, as the case may be. **The inclusion of any executory contract or unexpired lease on Exhibit A does not require or guarantee that such executory contract or unexpired lease will be assumed or assigned, or that said lease or contract is executory, and all rights of the Debtors with respect thereto are reserved.** Capitalized terms used but not otherwise defined in this notice have the meanings ascribed to them in the Bid Procedures Motion or the Agreement. The hearing on the Bid Procedures Motion is scheduled for May 7, 2018 at 10:30 a.m. (Eastern Daylight Time) before the Honorable Mary F. Walrath, United States Bankruptcy Court Judge, in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom No. 4, Wilmington, Delaware 19801.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Bertucci's Holdings, Inc. (0243), Bertucci's Holdings, LLC (8034), Bertucci's Corporation (1266), Bertucci's, Inc. (7209), Two Ovens Restaurant Corp. (4922), Bertucci's Restaurant Corp. (4750), Bertucci's of Anne Arundel County, Inc. (4761), Bertucci's of Columbia, Inc. (4758), Bertucci's of Baltimore County, Inc. (9001), Bertucci's of Bel Air, Inc. (4759), and Bertucci's of White Marsh, Inc. (4760). The Debtors' corporate headquarters and the mailing address is 155 Otis Street, Northborough, Massachusetts 01532.

{1197.002-W0050989.}

2. Pursuant to the terms of the Agreement (or any asset sale and purchase agreement that the Debtors may enter into with the Successful Bidder), the Debtors may seek to assume and assign one or more of the Scheduled Contracts to the Stalking Horse Bidder or the Successful Bidder, as the case may be, subject to approval at the hearing proposed to be held on **May 30, 2018** (the "Sale Hearing") before the Court. On the date of the closing of the transactions contemplated by the Agreement (the "Closing Date"), or as soon thereafter as is reasonably practicable, the Stalking Horse Bidder or the Successful Bidder, as the case may be, will pay the amount the Debtors' records reflect is owing for prepetition arrearages, if any, as set forth on Exhibit A hereto (the "Proposed Cure Amount"). The Debtors' records reflect that all postpetition amounts owing under the Scheduled Contracts have been paid and will continue to be paid until the assumption and assignment of the Scheduled Contracts and that, other than the Proposed Cure Amount, there are no other defaults under the Scheduled Contracts.

3. **FOR THE AVOIDANCE OF DOUBT, THE SCHEDULED CONTRACTS, AND PARTICULARLY THE CURE AMOUNTS CONTAINED IN EXHIBIT A, ARE PRELIMINARY AND REMAIN SUBJECT TO FURTHER DILIGENCE, WHICH MAY RESULT IN MODIFICATIONS TO THE SCHEDULED CONTRACTS, INCLUDING THE CURE AMOUNTS CONTAINED THEREIN. COUNTERPARTIES WILL RECEIVE FURTHER NOTIFICATION FROM THE DEBTORS IF THERE ARE ANY SUCH MODIFICATIONS RELATED TO THEIR CONTRACTS OR LEASES.**

4. **Objections, if any, to the assumption and assignment of a Scheduled Contract and/or to the Proposed Cure Amount must (a) be in writing, (b) state with specificity the cure amount asserted to be required, (c) include appropriate documentation thereof, (d) be filed with the Court on the proposed objection deadline of May 23, 2018 at 4:00 p.m. (Eastern Daylight Time) and served on the following parties:** (i) the Debtors, 155 Otis Street, Northborough, Massachusetts 01532 (Attn: Brian Wright and Brian Connell); (ii) bankruptcy counsel to the Debtors, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801 (Attn: Adam G. Landis, Esq. and Kerri K. Mumford, Esq.), landis@lrclaw.com and mumford@lrclaw.com; (iii) special corporate counsel to the Debtors, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022 (Attn: Adam C. Harris, Esq.) adam.harris@srz.com; (iv) counsel for the Stalking Horse Bidder, McDonald Hopkins, 300 North LaSalle Street, Suite 1400, Chicago, IL 60654 (Attn: David Agay, Esq.) dagay@mcdonaldhopkins.com; (v) counsel to CIT, Holland & Knight LLP, 200 Crescent Court, Suite 1600, Dallas, TX 75201 (Attn: Brent McIlwain) Brent.McIlwain@hklaw.com and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King St., Wilmington, DE 19801 (Attn: Robert S. Brady, Esq.), rbrady@ycst.com; (vi) the Office of the United States Trustee, United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Timothy J. Fox, Esq.); and (vi) counsel to any statutory committee appointed in the Chapter 11 Cases.

5. If an objection to the assumption and assignment of a Scheduled Contract is timely filed and received, a hearing with respect to the objection will be held before the Court at the Sale Hearing or such date and time as the Court may schedule. If no objection is timely received, the non-Debtor party to the Transferred Contract will be deemed to have consented to the assumption and assignment of the Transferred Contract and forever will be barred from

asserting any other claims, including but not limited to the propriety or effectiveness of the assumption and assignment of the Transferred Contract, against the Debtors, the Stalking Horse Bidder, the Successful Bidder or the property of any of them in respect of the Scheduled Contract.

6. Pursuant to 11 U.S.C. § 365, there is adequate assurance of future performance that the Proposed Cure Amount set forth in the Contract Notice will be paid in accordance with the terms of the Sale Order. There is adequate assurance of the Stalking Horse Bidder's future performance under the executory contract or unexpired lease to be assumed and assigned because of the significant resources of the Stalking Horse Bidder. If necessary, the Debtors will adduce facts at the hearing on any objection demonstrating the financial wherewithal of the Successful Bidder, and its willingness and ability to perform under the contracts to be assumed and assigned to it.

7. If an objection to the Proposed Cure Amount is timely filed and received and the parties are unable to consensually resolve the dispute, the amount to be paid under Bankruptcy Code section 365, if any, with respect to such objection will be determined at a hearing to be requested by the Debtors or by the objecting counterparty. At the Stalking Horse Bidder's or the Successful Bidder's discretion, and provided the Stalking Horse Bidder or the Successful Bidder escrow the disputed portion of the Proposed Cure Amount, the hearing regarding the Proposed Cure Amount may be continued until after the Closing Date and the Scheduled Contract(s) subjected to such Proposed Cure Amount shall be assumed and assigned to the Stalking Horse Bidder or the Successful Bidder at the closing of the Sale.

8. If no objection is timely received, the Proposed Cure Amount set forth in **Exhibit A** hereto will be controlling, notwithstanding anything to the contrary in any Scheduled Contract or any other document, and the non-Debtor party to the Scheduled Contract will be deemed to have consented to the Proposed Cure Amount and will be forever barred from asserting any other claims in respect of such Scheduled Contract against the Debtors, the Stalking Horse Bidder, or the Successful Bidder (as appropriate), or the property of any of them. The failure of any objecting person or entity to timely file its objection will be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Motion, the Sale, or the Debtors' consummation of and performance under the Sale Agreement (including the transfer of the Acquired Assets and the Scheduled Contracts free and clear of all claims, liens, encumbrances, and interests), if authorized by the Court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

9.      Prior to the date of the closing of the Sale, the Debtors may amend their decision with respect to the assumption and assignment of any Scheduled Contract, including amending the Proposed Cure Amount, and provide a new notice amending the information provided in this notice, including, without limitation, a determination not to assume certain contracts.

Dated: April 26 2018
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kim A. Brown*

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
Kimberly A. Brown (No. 5138)
Jennifer L. Cree (No. 5919)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
       mumford@lrclaw.com
       brown@lrclaw.com
       cree@lrclaw.com

*Proposed Counsel to the Debtors and Debtors-In-Possession*

and

Adam C. Harris
Andrew J. Fadale
Evelyn Liristis
Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2253
Email: Adam.Harris@srz.com
       Andrew.Fadale@srz.com
       Evelyn.Liristis@srz.com

*Proposed Special Corporate Counsel to the Debtors and Debtors-In-Possession*