IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BERTUCCI'S HOLDINGS, INC., *et al.*[1] | Case No. 18-10894 (MFW) |
| Debtors. | (Jointly Administered) |

**SCHEDULE OF ASSETS AND LIABILITIES FOR
BERTUCCI'S HOLDINGS, INC. (CASE NO. 18-10894)**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Bertucci's Holdings, Inc. (0243), Bertucci's Holdings, LLC (8034), Bertucci's Corporation (1266), Bertucci's, Inc. (7209), Two Ovens Restaurant Corp. (4922), Bertucci's Restaurant Corp. (4750), Bertucci's of Anne Arundel County, Inc. (4761), Bertucci's of Columbia, Inc. (4758), Bertucci's of Baltimore County, Inc. (9001), Bertucci's of Bel Air, Inc. (4759), and Bertucci's of White Marsh, Inc. (4760). The Debtors' corporate headquarters and the mailing address is 155 Otis Street, Northborough, Massachusetts 01532.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BERTUCCI'S HOLDINGS, INC., *et al.*[1] | Case No. 18-10894 (MFW) |
| Debtors. | (Jointly Administered) |

**SCHEDULES OF ASSETS AND LIABILITIES
AND STATEMENTS OF FINANCIAL AFFAIRS**

**GLOBAL NOTES**

These Global Notes and Disclaimers (the "Global Notes") regarding the Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and together with Schedules, the "Schedules and Statements") for Bertucci's Holdings, Inc. and its chapter 11 affiliates set forth in footnote one herein (each a "Debtor" and collectively, the "Debtors") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

1. The Schedules and Statements have been prepared by the Debtors' management and are unaudited. While the Debtors' management has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that was available at the time of preparation, the subsequent receipt of information may result in material changes to the financial data contained in the Schedules and Statements, and inadvertent errors or omissions may exist. To the extent the Debtors discover a material error or omission, or become aware of additional information that may suggest a material difference, the Debtors will amend the applicable Schedules or Statements to reflect such changes. Accordingly, the Debtors do not make any representations or warranties as to the completeness or accuracy of the information set forth herein and reserve all rights to amend the Schedules or Statements as may be necessary or appropriate.

2. On April 15, 2018 (the "Petition Date"), the Debtors filed voluntary petitions with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under chapter 11 of title 11, United States Code 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code") under case numbers 18-10894 (MFW) through 18-10904 (MFW) (collectively, the "Chapter 11 Cases"), and orders for relief were entered

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Bertucci's Holdings, Inc. (0243), Bertucci's Holdings, LLC (8034), Bertucci's Corporation (1266), Bertucci's, Inc. (7209), Two Ovens Restaurant Corp. (4922), Bertucci's Restaurant Corp. (4750), Bertucci's of Anne Arundel County, Inc. (4761), Bertucci's of Columbia, Inc. (4758), Bertucci's of Baltimore County, Inc. (9001), Bertucci's of Bel Air, Inc. (4759), and Bertucci's of White Marsh, Inc. (4760). The Debtors' corporate headquarters and the mailing address is 155 Otis Street, Northborough, Massachusetts 01532.

by the Bankruptcy Court. The Chapter 11 Cases have been consolidated for the purpose of joint administration only under 18-10894 (MFW). The Debtors currently are operating their businesses as debtors-in-possession under the Bankruptcy Code.

3. On the Petition Date, the Debtors filed the *Declaration of Brian Connell in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") [D.I. 3], which provides information regarding the circumstances leading to the commencement of these Chapter 11 Cases and information regarding the Debtors' business and capital structure.[2]

4. The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, such as deferred compensation, accrued salaries, employee benefit accruals, post-retirement benefits, deferred taxes, and deferred gains. Other immaterial assets and liabilities may also have been excluded.

5. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information from research that was conducted in connection with the preparation of the Schedules. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors also reserve the right to change the attribution of liability from a particular Debtor to another to the extent additional information becomes available and amend the Schedules without notice as applicable.

6. Given the differences between the information requested in the Schedules and Statements and the financial information utilized under generally accepted accounting principles in the United States ("GAAP"), the aggregate asset values and claim amounts set forth in the Schedules and Statements do not reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

7. The Debtors generally pay their obligations through their consolidated cash management system through Debtor Bertucci's Restaurant Corp., even though the applicable account, contract or lease may be with a different Debtor entity. To the extent that the Debtors were able to report information on an unconsolidated basis, the Schedules reflect such information.

8. Unless otherwise indicated, all amounts are listed as of the Petition Date.

9. It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtors' property interests. Accordingly, unless otherwise indicated, the Debtors' assets and liabilities are shown on the basis of their net book value as of the Petition Date.

---

[2] Except where otherwise indicated, capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declaration.

10. Some of the scheduled liabilities are unknown and unliquidated at this time. In such cases, the amounts are listed as "Unknown." Accordingly, the Schedules and Statements do not accurately reflect the aggregate amount of the Debtors' liabilities.

11. Any failure to designate a claim listed in the Schedules as disputed, contingent or unliquidated does not constitute an admission by the Debtors that such amount is not disputed, contingent or unliquidated. The Debtors reserve all of their rights with respect to the claims listed in the Schedules or Statements, including, without limitation, the right to assert offsets or defenses to any claim reflected on the Schedules or Statements, or to further amend the Schedules or Statements to (i) dispute any claim on any basis, including, without limitation, as to amount, liability or classification or (ii) designate any claim as disputed, contingent or unliquidated.

12. The claims of creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and do not reflect credits, refunds or allowances that may be due from such creditors to the Debtors. The Debtors reserve all of their rights regarding any and all such credits, refunds and allowances.

13. The Debtors have sought to discover and properly classify all claims and interests in the Chapter 11 Cases, and to list all claims and interests against their estates accurately and completely. The Schedules or Statements should not be considered the final determination of the Debtors' assets and liabilities, but rather the Debtors' current compilation of such information based on their investigations to date.

14. Despite the Debtors' reasonable efforts to identify all known assets, the Debtors may not have set forth all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, but not limited to, avoidance actions arising under Chapter 5 of the Bankruptcy Code and actions under other applicable non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any claims, causes of action or avoidance actions they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action or avoidance actions or in any way prejudice or impair the assertion of such claims.

15. By separate orders of the Bankruptcy Court entered in these Chapter 11 Cases, the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of critical vendors, insurance carriers and taxing authorities. Consequently, certain prepetition fixed, liquidated and undisputed priority and general unsecured claims have been or may be paid under this authority. The Debtors have attempted to list on their Schedules all such known amounts outstanding as of the Petition Date.

16. Additionally, by order of the Bankruptcy Court, the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of customers. Consequently, certain prepetition fixed, liquidated and undisputed general unsecured claims related to customers have been or may be paid under this authority. The Debtors have attempted to list on their Schedules all such known amounts outstanding as of the

      Petition Date; provided, however, where such claimants are unknown (e.g., in the instance of gift card claims and refunds), the Debtors have not listed such claims on their Schedules.

17.    The Debtors also were authorized (but not directed) by order of the Bankruptcy Court to pay, among other things, certain prepetition claims of employees. Consequently, certain prepetition fixed, liquidated and undisputed priority and general unsecured claims related to employees have been or may be paid under this authority. The prepetition liabilities related to ordinary course wages and compensation that have been paid postpetition to employees have been excluded from the Schedules.

18.    In the circumstances where the Schedules or Statements require information regarding insiders and/or officers and directors, included therein are each of the Debtors' (a) directors (or persons in similar positions) and (b) employees that are, or were during the relevant period, officers (or persons in control). The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims and defenses are hereby expressly reserved. Further, employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

19.    Unless otherwise noted therein, the Schedules and Statements reflect the net book value of the liabilities as listed in the Debtors' books and records; however, particularly with respect to furniture, fixtures and equipment, the Debtors believe the actual value may be substantially lower. Where known, accumulated depreciation of assets has been accounted for.

20.    With the exception of the inventory of supplies that was last completed on January 3, 2018, inventories are valued in the Schedules at the values indicated on the Debtors' books and records as of April 4, 2018.

21.    The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtors or inchoate statutory lien rights.

22.    Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercreditor

agreement) related to such creditor's claim. In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of the other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D.

23. In certain circumstances, the Debtors have not included the date claims were incurred as such information is not readily available and it would be prohibitively expensive and burdensome to determine such dates.

24. The Debtors have included various governmental agencies on Schedule E/F-1 out of an abundance of caution whose obligation may not be "taxes" pursuant to the applicable law. The Debtors reserve all rights to dispute or challenge that these claims are not taxes and are not subject to priority under the Bankruptcy Code.

25. Schedule E/F does not include certain deferred charges, deferred liabilities or general reserves. Such amounts, however, are reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each claim, determination of the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

26. The Debtors have not included certain categories of accrued occupancy expense on the Schedules and Statements, such as accrued rent, common area maintenance and real property taxes paid as rent. The Debtors accrue these amounts based on historical knowledge and estimates for each open location, but have not included them as an account payable because the respective invoices for the period have not yet been received.

27. Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over inclusions may have occurred. The Debtors hereby reserve all rights to dispute the validity, status or enforceability of any contract or other agreement set forth in Schedule G that may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, and other document, instruments and agreements which may not be listed therein. Also, Schedule G is intended to contain all of the

Debtors' contracts and agreements as of the Petition Date. It is possible that some of the contracts or agreements listed on Schedule G have expired or otherwise terminated pursuant to their terms since the Petition Date. The presence of a contract or agreement on Schedule G does not constitute an admission by the Debtors that such contract or agreement is an executory contract or unexpired lease.

The applicable Debtor is the lessee for each of the unexpired leases identified in their respective Schedule G.

Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as easements, rights of way, subordinations, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents also are not set forth in Schedule G.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The Debtors reserve all rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including, without limitation, any intercreditor agreement) related to a creditor's claim.

Certain of the contracts, agreements and leases listed on Schedule G may have been entered into by multiple Debtors. Although the Debtors have made diligent attempts to attribute contracts and leases to their rightful Debtors, in certain instances, the Debtors may have inadvertently identified a different Debtor.

While identifying the contracts and leases on Schedule G, the Debtors have not necessarily set forth these contracts and leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.

28. For purposes of Statement question 11, all payments made on behalf of each of the Debtors for consultation concerning relief under the bankruptcy law or preparation of a petition in bankruptcy within one (1) year immediately preceding the commencement of these Chapter 11 Cases, were made through the Debtors' consolidated cash management system and paid through Bertucci's Corporation. While listed on each Debtor's Statement question 11, the costs of these services on behalf of each Debtor have not been expressly allocated among the Debtors and each list the aggregate amount.

29. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the tables.

30. Neither the Debtors, their agents, nor their attorneys or advisors guarantee or warrant the accuracy, the completeness, or correctness of the data that is provided herein or in the

Schedules and Statements, and neither is liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communication or delivering the information.  While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors and their agents, attorneys and advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized.  In no event shall the Debtors or their agents, attorneys and advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys and advisors are advised of the possibility of such damages.

**Fill in this information to identify the case:**

Debtor name: **Bertucci's Holdings, Inc.**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): **18-10894**

☐ Check if this is an amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals 12/15

### Part 1: Summary of Assets

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*................................................................................................. $ **0.00**

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*............................................................................................. $ **0.00**

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*............................................................................................... $ **0.00**

### Part 2: Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*..................... $ **66,424,291.00**

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*......................................................... $ **0.00**

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*............................. +$ **0.00**

4. **Total liabilities** ...............................................................................................................................
   Lines 2 + 3a + 3b                                                                                                                      $ **66,424,291.00**

**Fill in this information to identify the case:**

Debtor name: **Bertucci's Holdings, Inc.**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): **18-10894**

☐ Check if this is an amended filing

# Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property   12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ■ No.  Go to Part 2.
   ☐ Yes Fill in the information below.

   **All cash or cash equivalents owned or controlled by the debtor**    **Current value of debtor's interest**

### Part 2: Deposits and Prepayments

6. **Does the debtor have any deposits or prepayments?**

   ■ No.  Go to Part 3.
   ☐ Yes Fill in the information below.

### Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ■ No.  Go to Part 4.
    ☐ Yes Fill in the information below.

### Part 4: Investments

13. **Does the debtor own any investments?**

    ☐ No.  Go to Part 5.
    ■ Yes Fill in the information below.

    | | Valuation method used for current value | Current value of debtor's interest |
    |---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**
    Name of fund or stock:

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
    Name of entity:                                                             % of ownership

    | | | | |
    |---|---|---|---|
    | 15.1. **Bertucci's Corporation** | **100** % | | **Unknown** |

| Debtor | **Bertucci's Holdings, Inc.** | Case number *(If known)* **18-10894** |
|---|---|---|
| | Name | |

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
    Describe:

17. **Total of Part 4.**                                                                                              $0.00

    Add lines 14 through 16. Copy the total to line 83.

### Part 5: Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

   ■ No. Go to Part 6.
   ☐ Yes Fill in the information below.

### Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

   ■ No. Go to Part 7.
   ☐ Yes Fill in the information below.

### Part 7: Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

   ■ No. Go to Part 8.
   ☐ Yes Fill in the information below.

### Part 8: Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

   ■ No. Go to Part 9.
   ☐ Yes Fill in the information below.

### Part 9: Real property

54. **Does the debtor own or lease any real property?**

   ■ No. Go to Part 10.
   ☐ Yes Fill in the information below.

### Part 10: Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

   ■ No. Go to Part 11.
   ☐ Yes Fill in the information below.

### Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

   ■ No. Go to Part 12.
   ☐ Yes Fill in the information below.

Debtor **Bertucci's Holdings, Inc.**     Case number *(If known)* **18-10894**
       Name

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*......................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $0.00 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $0.00 |

**Fill in this information to identify the case:**

Debtor name: **Bertucci's Holdings, Inc.**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): **18-10894**

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property      12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

■ Yes. Fill in all of the information below.

### Part 1: List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A — Amount of claim (Do not deduct the value of collateral.) | Column B — Value of collateral that supports this claim |
|---|---|---|---|
| **2.1** **CIT Bank, NA** (Creditor's Name) | Describe debtor's property that is subject to a lien | **$36,787,034.00** | **Unknown** |

11 West 42nd Street
New York, NY 10036
Creditor's mailing address

Describe the lien
**First Lien (Guarantee)**

Is the creditor an insider or related party?
■ No
☐ Yes

Michael.Aliberto@cit.com
Creditor's email address, if known

Is anyone else liable on this claim?
☐ No
■ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

Date debt was incurred

Last 4 digits of account number

Do multiple creditors have an interest in the same property?
■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

As of the petition filing date, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

---

| | | | |
|---|---|---|---|
| **2.2** **DV II BHC LLC** (Creditor's Name) | Describe debtor's property that is subject to a lien | **$29,637,257.00** | **Unknown** |

c/o Levine Leichtman
Capital Partners
335 North Maple Drive,
Suite 130
Beverly Hills, CA 90210
Creditor's mailing address

Describe the lien
**Second Lien  (Guarantee)**

Is the creditor an insider or related party?
■ No
☐ Yes

dwolmer@llcp.com
Creditor's email address, if known

Is anyone else liable on this claim?
☐ No
■ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

Date debt was incurred

Last 4 digits of account number

Do multiple creditors have an interest in the same property?

As of the petition filing date, the claim is:
Check all that apply

Debtor **Bertucci's Holdings, Inc.**
Name

Case number (if know) **18-10894**

■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

☐ Contingent
☐ Unliquidated
☐ Disputed

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.   $66,424,291.00

**Part 2:** List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|

**Fill in this information to identify the case:**

Debtor name: **Bertucci's Holdings, Inc.**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): **18-10894**

☐ Check if this is an amended filing

Official Form 206E/F
# Schedule E/F: Creditors Who Have Unsecured Claims 12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☒ No. Go to Part 2.

   ☐ Yes. Go to line 2.

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| 3.1 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | |
|---|---|---|---|
| | | ☐ Contingent | |
| | | ☐ Unliquidated | |
| | **Date or dates debt was incurred** ____ | ☐ Disputed | |
| | **Last 4 digits of account number** ____ | **Basis for the claim:** _____ | |
| | | Is the claim subject to offset? ☐ No ☐ Yes | |

## Part 3: List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   **If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

5. Add the amounts of priority and nonpriority unsecured claims.

|  |  | **Total of claim amounts** |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ 0.00 |
| **5b. Total claims from Part 2** | 5b. + | $ 0.00 |
| **5c. Total of Parts 1 and 2** Lines 5a + 5b = 5c. | 5c. | $ 0.00 |

**Fill in this information to identify the case:**

Debtor name  **Bertucci's Holdings, Inc.**

United States Bankruptcy Court for the:  DISTRICT OF DELAWARE

Case number (if known)  **18-10894**

☐ Check if this is an amended filing

# Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases  12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**
   ■ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal  Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1  State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.2  State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.3  State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.4  State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name: **Bertucci's Holdings, Inc.**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): 18-10894

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

*Column 1:* **Codebtor**

*Column 2:* **Creditor**

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | **Bertucci's Corporation** | | **CIT Bank, NA** | ■ D  2.1<br>☐ E/F ____<br>☐ G ____ |
| 2.2 | **Bertucci's Corporation** | | **DV II BHC LLC** | ■ D  2.2<br>☐ E/F ____<br>☐ G ____ |
| 2.3 | **Bertucci's of Anne Arundel County, Inc.** | | **CIT Bank, NA** | ■ D  2.1<br>☐ E/F ____<br>☐ G ____ |
| 2.4 | **Bertucci's of Anne Arundel County, Inc.** | | **DV II BHC LLC** | ■ D  2.2<br>☐ E/F ____<br>☐ G ____ |
| 2.5 | **Bertucci's of Baltimore County, Inc.** | | **CIT Bank, NA** | ■ D  2.1<br>☐ E/F ____<br>☐ G ____ |

Debtor **Bertucci's Holdings, Inc.**      Case number *(if known)* **18-10894**

**Additional Page to List More Codebtors**
Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | Column 2: Creditor | |
|---|---|---|---|
| 2.6 | Bertucci's of Baltimore County, Inc. | DV II BHC LLC | ■ D  2.2<br>☐ E/F ____<br>☐ G ____ |
| 2.7 | Bertucci's of Bel Air, Inc. | CIT Bank, NA | ■ D  2.1<br>☐ E/F ____<br>☐ G ____ |
| 2.8 | Bertucci's of Bel Air, Inc. | DV II BHC LLC | ■ D  2.2<br>☐ E/F ____<br>☐ G ____ |
| 2.9 | Bertucci's of Columbia, Inc. | CIT Bank, NA | ■ D  2.1<br>☐ E/F ____<br>☐ G ____ |
| 2.10 | Bertucci's of Columbia, Inc. | DV II BHC LLC | ■ D  2.2<br>☐ E/F ____<br>☐ G ____ |
| 2.11 | Bertucci's of White Marsh, Inc. | CIT Bank, NA | ■ D  2.1<br>☐ E/F ____<br>☐ G ____ |
| 2.12 | Bertucci's of White Marsh, Inc. | DV II BHC LLC | ■ D  2.2<br>☐ E/F ____<br>☐ G ____ |
| 2.13 | Bertucci's Restaurant Corp. | CIT Bank, NA | ■ D  2.1<br>☐ E/F ____<br>☐ G ____ |

| Debtor | **Bertucci's Holdings, Inc.** | Case number *(if known)* | **18-10894** |
|---|---|---|---|

**Additional Page to List More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | Column 2: **Creditor** | |
|---|---|---|---|
| 2.14 | **Bertucci's Restaurant Corp.** | DV II BHC LLC | ■ D **2.2**<br>☐ E/F ____<br>☐ G ____ |
| 2.15 | **Bertucci's, Inc.** | CIT Bank, NA | ■ D **2.1**<br>☐ E/F ____<br>☐ G ____ |
| 2.16 | **Bertucci's, Inc.** | DV II BHC LLC | ■ D **2.2**<br>☐ E/F ____<br>☐ G ____ |
| 2.17 | **Two Ovens Restaurant Corp.** | CIT Bank, NA | ■ D **2.1**<br>☐ E/F ____<br>☐ G ____ |
| 2.18 | **Two Ovens Restaurant Corp.** | DV II BHC LLC | ■ D **2.2**<br>☐ E/F ____<br>☐ G ____ |

**Fill in this information to identify the case:**

Debtor name  **Bertucci's Holdings, Inc.**

United States Bankruptcy Court for the:  DISTRICT OF DELAWARE

Case number (if known)  **18-10894**

☐ Check if this is an amended filing

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **May 14, 2018**   X  **/s/ Brian Connell**
Signature of individual signing on behalf of debtor

**Brian Connell**
Printed name

**Chief Financial Officer and Senior Vice President**
Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**